# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| SAMANTHA HOLLOWAY PICKENS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-19-495-STE |
| ANDREW M. SAUL,<br>Commissioner of the Social Security<br>Administration, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **REVERSES AND REMANDS** the Commissioner's decision.

## I. PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration denied Plaintiff's application for benefits. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 21-39). The Appeals Council denied Plaintiff's request for

review. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II. THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 404.1520. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since October 15, 2014, her alleged onset date. (TR. 24). At step two, the ALJ determined that Ms. Pickens had the following severe impairments: obesity; asthma; other unspecified arthropathies; hypertension; and fibromyalgia. (TR. 24). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 31).

At step four, the ALJ concluded that Ms. Pickens retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs; occasionally stoop, kneel, crouch, or crawl; and occasional exposure to environmental irritants such as fumes, odors, dusts, and gases.

(TR. 33). With this RFC, the ALJ concluded that Plaintiff could perform her past relevant work as a cafeteria attendant, guard, and data entry clerk. (TR. 37). Even so, the ALJ proceeded to step five and presented the RFC limitations to a vocational expert (VE) to determine whether there were other jobs in the national economy that Plaintiff could perform. (TR. 92-93). Given the limitations, the VE identified six jobs from the Dictionary

of Occupational Titles (DOT). (TR. 94-96). The ALJ adopted the VE's testimony and concluded that Ms. Pickens was not disabled at steps four or five. (TR. 38-39).

### III. STANDARD OF REVIEW

This Court reviews the Commissioner's final decision "to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). Under the "substantial evidence" standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence … is more than a mere scintilla … and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. at 1154 (internal citations and quotation marks omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

### IV. ISSUES PRESENTED

On appeal, Ms. Pickens alleges the ALJ erred: (1) at step three and (2) in evaluating opinions from a treating physician. (ECF No. 14:3-8).

### V. STEP THREE

At step three, the ALJ stated: "The claimant does not have consistent evidence of … positive straight leg raising." (TR. 31). Plaintiff challenges this finding, arguing:

3

> Noted above are numerous references to positive straight leg raise tests and reduced range of motion. What exactly was the ALJ looking at to form her opinion? It is submitted that her interpretation of the evidence was completely mislead, as there is ample evidence indicating that the ALJ should have performed a proper analysis at Step 3 to determine if a listing was met. Therefore, this case should be remanded.

(ECF No. 14:8). The foregoing paragraph comprises the entirety of Plaintiff's step three argument. The Court finds the argument undeveloped, as Ms. Pickens has not identified the listed impairment at issue, nor does her brief contain *any* references to positive straight leg raise tests, despite her contention that "numerous references" are "noted above." As a result, the Court finds no merit to this allegation of error. *See Murrell v. Shalala,* 43 F.3d 1388, 1389 n. 2 (10th Cir. 1994) (finding that inadequately framed or developed "perfunctory complaints" are insufficient to invoke review); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (noting that the burden is on claimant to establish disability in the first four steps of sequential analysis).

**V.　　ERROR IN THE EVALUATION OF A TREATING PHYSICIAN'S OPINION**

As alleged by Ms. Pickens, the ALJ erred in evaluating the opinion of treating physician, Dr. Troy Harden.

**A.　　The ALJ's Duties in Evaluating A Treating Physician's Opinion**

Regardless of its source, the ALJ has a duty to evaluate every medical opinion in the record. *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004); 20 C.F.R. § 404.1527(c). The weight given each opinion will vary according to the relationship between the claimant and medical professional. *Hamlin*, 365 F.3d at 1215. For example, in evaluating a treating physician's opinion, the ALJ must follow a two-pronged analysis.

First, the ALJ must determine, then explain, whether the opinion is entitled to controlling weight. *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004).

This analysis, in turn, consists of two phases. First, an ALJ must consider whether the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and consistent with other substantial evidence in the record. Policy Interpretation Ruling Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions, 1996 WL 374188, at 2 (July 2, 1996) (SSR 96-2p) (internal quotations omitted). If controlling weight is declined, the ALJ must assess the opinion under a series of factors which are considered when assessing *any* medical opinion, regardless of its source. These factors include: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Krausner v. Astrue,* 638 F.3d 1324, 1330 (10th Cir. 2011); 20 C.F.R §§ 404.1527(c) & 416.927(c). Although the ALJ need not explicitly discuss each factor, the reasons stated must be "sufficiently specific" to permit meaningful appellate review. *See Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007). If the ALJ rejects an opinion completely, she must give "specific, legitimate reasons" for doing so. *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (internal citations omitted).

5

## B. Dr. Harden's Opinions/The ALJ's Evaluation

On June 1, 2016, Dr. Harden completed a one-page form opinion, stating that Plaintiff suffered from dorsalgia, which caused her moderate and chronic pain and an inability to sit for long periods. (TR. 582). Dr. Harden also stated that Plaintiff walked slowly with a walker. (TR. 582). These opinions were echoed in a series of opinions from Dr. Harden dated December 5, 2017, where the physician stated that Ms. Pickens' pain:

- interfered with her concentration, persistence, or pace;
- would likely cause her to miss 2 full days of work per month;
- would likely cause significant interference with social relationships at work;
- would negatively impact Plaintiff's productivity by greater than 20-25% on a "bad day;" and
- required that she be permitted to lie down or recline hourly for 15 minutes to relieve her back pain;

(TR. 867, 871). Dr. Harden also stated that Plaintiff: "has chronic pain from multiple musculoskeletal issues. All interventions except rest have failed." (TR. 870). Dr. Harden also stated, in part, that Plaintiff could only:

- sit for 2 hours at one time and 3 hours total during an 8-hour workday;
- stand or walk for 1 hour during an 8-hour workday;
- "infrequently" lift and/or carry a maximum of 10 pounds;
- "infrequently" bend or reach; and
- never squat, crawl, or climb.

(TR. 873-874).

The ALJ acknowledged and extensively discussed the substance of Dr. Harden's opinions, but rejected them in their entirety.[1] *See* TR. 26-28. In doing so, the ALJ stated:

> The administrative law judge considered, and gives limited weight to the opinions of Dr. Harden at Exhibits 18F, 19F, and 20F, as these are not supported by the medical evidence of record and another opinion was given more weight.

(TR. 37-38).

### C. Error in the ALJ's Evaluation of Dr. Winchester's Opinions

As two points of error, Ms. Pickens alleges that the ALJ failed to: (1) state whether she was affording Dr. Harden's opinion "controlling weight" and (2) provide a legitimate reason for her treatment of Dr. Harden's opinions. The Court agrees with Plaintiff, but only as to her second point of error.

First, the Court will not reverse based on the ALJ's failure to discuss whether Dr. Harden's opinions were entitled to controlling weight. *See Mays v. Colvin*, 739 F.3d 569, 575 (10th Cir. 2014) ("Because we can tell from the decision that the ALJ declined to give controlling weight to [a treating physician's] opinion, we will not reverse on this ground."). However, the Court agrees with Ms. Pickens that the ALJ failed to provide a proper explanation to explain her treatment of Dr. Harden's opinions. The ALJ rejected the opinions, stating they were "not supported by the medical evidence of record and another opinion was given more weight." (TR. 37). But the ALJ did not specify how Dr. Harden's opinions were not supported or what opinion was accorded more weight. *See* TR. 37.

---

[1] Although the ALJ stated that he gave Dr. Harden's opinions "limited weight," the ALJ actually rejected them. *Compare* TR. 582, 868-875 (Dr. Harden's opinions) *with* TR. 33 (RFC). *See Chapo v. Astrue*, 682 F.3d 1285, 1291 (10th Cir. 2012) (noting that the ALJ's accordance of "little" weight to physician's opinion was "tantamount to rejection of her opinion.").

7

The Commissioner concedes that "the ALJ could have been more extensive and specific in her discussion of Dr. Harden's opinions," but argues that the ALJ's summary of the medical evidence was "adequate for the purpose of conveying why the ALJ did not give controlling weight, or even more weight, to Dr. Harden's opinions." (ECF No. 18:11). The Court disagrees. In the decision, the ALJ accorded "some" weight to State Agency physicians who opined that Ms. Pickens could perform "light work with no restrictions." (TR. 36, 113-116, 129-134). It is possible that the ALJ was referring to these opinions when she stated "another opinion was given more weight." However, an additional problem arises because the State Agency opinions, which were based on a review of the evidence, did not include a review of the opinions from Dr. Harden. *See* TR. 107-110, 121-125.

With that rationale discounted, all that remains is the ALJ's statement that Dr Harden's opinions are "not supported by the medical evidence of record[.]" (TR. 37). But without an explanation regarding how Dr. Harden's opinions were not supported by the evidence, this explanation is insufficient, and remand is necessary for reconsideration of the opinion. *See Allman v. Colvin*, 813 F.3d at 1326, 1332 (2016) ("[t]he reasons must be sufficiently specific to make clear to any subsequent reviewers the weight the [ALJ] gave to the treating source's medical opinion and the reason for that weight."); *Langley v. Barnhart*, 373 F.3d 1116, 1122-24 (10th Cir. 2004) (although the ALJ rejected a treating physician's opinion by providing a "facially valid" reason, stating that the opinion was not consistent with other evidence of record, the rationale was not supported by the record "[b]ecause the ALJ failed to explain or identify what the claimed inconsistencies were" to allow for meaningful review).

**ORDER**

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **REVERSES AND REMANDS** the Commissioner's decision.

ENTERED on December 18 2019.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE